UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAMES CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>PENN CREDIT CORPORATION,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-50505<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW COMES Plaintiff, JAMES CLARK ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of PENN CREDIT CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Boone County, Illinois, which is located within the Northern District of Illinois.

5. Defendant "is a nationwide accounts receivables management firm."[1] Defendant is a third-party debt collector located at 2800 Commerce Drive, Harrisburg, Pennsylvania 17110. Defendant's registered agent in Illinois is the Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant collects from consumers nationwide, including those residing within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt said to be owed by Plaintiff to *Publishers Clearing House*, in the approximate amount of $36.44 ("subject debt").

8. Upon information and belief, when the subject debt was purportedly in default, Defendant acquired the servicing rights to the same.

9. On or about December 1, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of several debts originally incurred to Publishers Clearing House.

10. Plaintiff was confused by Defendant's collection letter, as he did not recall the specific balances and service dates.

---

[1] https://penncredit.com/

2

11. Consequently, Plaintiff accessed Defendant's website ("online portal")[2] to ascertain additional information.

12. Upon inputting his personal information on Defendant's online portal, Plaintiff was directed to his "Account Summary," as seen below:

### Account Summary

| Customer ID | Name | Last Payment Date | Total Payments | Balance |
|---|---|---|---|---|
| | CLARK, JAMES | No Payment | $0.00 | $277.76 |

| Creditor | Account # | Service Date | Balance | Status |
|---|---|---|---|---|
| Publishers Clearing House | | April 19, 2015 | $36.44 | Active |
| Publishers Clearing House | | June 3, 2019 | $57.74 | Active |
| Publishers Clearing House | | June 3, 2019 | $38.09 | Active |
| Publishers Clearing House | | June 3, 2019 | $37.32 | Active |
| Publishers Clearing House | | June 10, 2019 | $79.82 | Active |
| Publishers Clearing House | | June 13, 2019 | $28.35 | Active |

**Disclaimer**
All obligations may not be present on this site.
This is an attempt to collect a debt and any information obtained will be used for that purpose.
This is from a debt collector.

13. Defendant listed a total balance of $277.76, which encompassed the subject debt, and attempted to collect the subject debt from Plaintiff by, *inter alia*: (i) stating "This is an attempt to collect a debt and any information obtained will be used for that purpose. This is from a debt collector"; and (ii) providing a platform for Plaintiff to make an online payment towards the balance of the subject debt.

---

[2] https://account.penncredit.com/myaccount/

14. Based on the information set forth in Defendant's online portal, the subject debt was incurred on or about April 19, 2015.

15. The applicable Illinois statute of limitations for the subject debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressly or implied…shall be commenced within 5 years next after the cause of action accrued. *See* 735 ILCS § 5/13-205.

16. Accordingly, given the applicable five (5) year Illinois statute of limitations and the fact that the subject debt fell into delinquency in or around April 19, 2015, as of December 2020, the date in which Plaintiff accessed Defendant's online portal, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

17. Despite the time-barred status of the subject debt, at no point during Plaintiff's accessing of Defendant's online portal did Defendant disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue him to collect it.

18. Despite the time-barred status of the subject debt, at no point during Plaintiff's accessing of Defendant's online portal did Defendant disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.

19. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

20. Plaintiff was misled by Defendant's statements, representations and/or omissions directed to him on Defendant's online portal.

21. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

22. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt." Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1989.[3]

---

[3] http://www.acainternational.org/search#memberdirectory

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

   (2) The false representation of -- (A) the character, amount, or legal status of any debt;

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff via its website by attempting to collect the subject debt despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

32. Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

33. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that he would waive his rights and affirmative defenses under the law by making a payment.

34. Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to him via its website, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

35. As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

36. Defendant had an obligation to accurately alert Plaintiff as to his rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

    b. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated § 1692f through its unfair efforts to collect upon the subject debt. Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue him to collect. Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability. Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause him unwarranted financial harm by restarting the applicable statute of limitations.

39. As set forth in paragraphs 20 through 23, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, JAMES CLARK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate

DATED this 22nd day of December, 2020.     Respectfully Submitted,

    */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, James Clark*